# SUPER LAW GROUP, LLC

MEMO ENDORSED

September 30, 2022

**VIA ECF**

Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re:   *Hackensack Riverkeeper, Inc., et al. v. Seneca Meadows, Inc., et al.*
             Civil No. 7:21-cv-07659(KMK)(AEK)
             Unopposed Letter Motion to Stay Case and Lodging of Consent Decree

Dear Judge Karas,

      Super Law Group, LLC, represents Plaintiffs Hackensack Riverkeeper, Inc. and New City Neighborhood Association, Inc. (collectively "Plaintiffs") in the above-referenced action.

      On September 30, 2022, Plaintiffs filed a notice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) dismissing Waste Connections US, Inc., Waste Connections of New York, Inc., and West Nyack Transfer Station with prejudice. We are now writing to inform the Court that the Plaintiffs and Defendant Seneca Meadows, Inc. (the "Parties") have reached a settlement, in the form of a proposed Consent Decree, resolving all claims in this action. The settlement is contingent upon the expiration of the federal agencies' 45-day review period required by the Federal Water Pollution Control Act, 33 U.S.C. § 1365(c)(2). In accordance with federal law, no judgment disposing of this action may be entered prior to 45 days following the receipt of the proposed Consent Decree by the United States Department of Justice and the national and Region II offices of the United States Environmental Protection Agency. *See* 40 C.F.R. § 135.5 (requiring the parties to provide notice to the court of the 45-day agency review period under 33 U.S.C. § 1365(c)).

      The proposed Consent Decree will be mailed to the agencies on October 3, 2022, and the Parties anticipate that the agencies' review period will end approximately by December 2, 2022 (allowing forty-five days for agency review and additional 15 days for mailing time and receipt by the agencies). The Parties are lodging the attached proposed Consent Decree with the Court pending the conclusion of the review period. If any of the reviewing agencies object to the proposed Consent Decree, the parties would request additional time to meet and confer and attempt to resolve the agencies' concerns. At the end of the 45-day review period, the Parties will file either a Request for Entry of the Consent Decree or a notice that the agencies objected to the proposed Consent Decree.

      In light of the settlement and the need to await the conclusion of the agencies' 45-day review period, the Parties respectfully request that the Court immediately vacate the existing September 30, 2022 deadline for Defendant to respond to Plaintiffs' Complaint and stay all proceedings in this action until December 5, 2022, by which date the Parties expect to have filed a Request for Entry of the Consent Decree with the Court. Defendant's counsel, Megan R. Brillault, Esq., consents to the requested stay.

Motion to Stay Case
September 30, 2022
Page 2 of 2

Thank you and please reach out with any questions.

For the reasons discussed herein, all deadlines are vacated and the case is stayed until further order of the Court.

Sincerely,

So Ordered.

*/s/ KMK*
9/30/22

Douglas J. Chermak
Attorneys for Plaintiffs

Cc: All Counsel of Record (via ECF)