# SUPER LAW GROUP, LLC

November 21, 2022

**VIA ECF**

Honorable Kenneth M. Karas
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

  Re: *Hackensack Riverkeeper, Icn., et al. v. Seneca Meadows, Inc., et al.*
     Civil No. 7:21-cv-07659(KMK)(AEK)
     Unopposed Motion to Enter Consent Decree

Dear Judge Karas,

  Super Law Group, LLC, represents Plaintiffs Hackensack Riverkeeper, Inc. and New City Neighborhood Association, Inc. (collectively "Plaintiffs") in the above-referenced action. Plaintiffs, with the consent of Defendant Seneca Meadows, Inc. ("Seneca Meadows") (collectively, the "Parties"), respectfully move the Court to enter the attached proposed Consent Decree.

  On September 30, 2022, Plaintiffs filed a notice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) dismissing Waste Connections US, Inc., Waste Connections of New York, Inc., and West Nyack Transfer Station with prejudice. Dkt. No. 29. On September 30, 2022, the Parties notified the Court that the Parties had agreed to a settlement of this case. Dkt. No. 30. The Parties lodged a proposed consent decree with the Court and asked the Court to stay all proceedings pending the conclusion of a required forty-five (45) day review period mandated by the Clean Water Act ("CWA") and its regulations, to allow the United States to review the proposed consent decree. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b). For the Court's convenience, a copy of the proposed consent decree is submitted herewith.

  Counsel for Plaintiffs subsequently provided copies of the fully-executed proposed consent decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ('EPA"). On November 14, 2022, DOJ submitted a letter notifying the Court that "the United States and does not object to the Court entering the Proposed Consent Decree in this citizen suit." Dkt. No. 35. Thus, the Parties have complied with all the Clean Water Act's procedural requirements.

  The Second Circuit has recognized a "strong judicial policy in favor of settlements." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In examining a consent decree proposed to resolve a citizen suit, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Cub, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

In the context of the Clean Water Act, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Often, voluntary compliance with environmental regulations will "contribute significantly toward ultimate achievement of statutory goals" by reducing the cost of environmental compliance. *Patterson v. Newspaper & Mail Deliverers' Union*, 514 F.2d 767, 771 (2d Cir. 1975). Ultimately, settlements encourage informal resolution of disputes, allowing the parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010).

In its Complaint, Plaintiffs alleged that Defendants were violating the CWA by discharging polluted stormwater from its solid waste and construction and demolition debris transfer station ("Facility") into the Hackensack River, a water of the United States, in violation of its authorization under New York's Multi-Sector General Permit for Stormwater Discharges Associated with Industrial Activity. Dkt. No. 1. In response, the proposed Consent Decree reflects that Seneca Meadows has since improved a number of stormwater pollution prevention measures at its facility, will be implementing additional such measures, revised its Stormwater Pollution Prevention Plan ("SWPPP"), and will be enhancing its stormwater monitoring program. In addition, in lieu of any payment that could have been assessed as a penalty if the matter were tried, Seneca Meadows is required to pay an Environmental Benefit Payment in the amount of $60,000 for stormwater management planning services and development of a final Water Quality Improvement Plan engineering report for the Hackensack River basin for the Town of Clarkstown.

These terms are fair, reasonable, and adequate. By requiring Seneca Meadows to improve its stormwater control measures and update its SWPPP, the proposed Consent Decree remedies the specific statutory violations alleged in the Complaint and ensures that the Facility will remain in compliance with its permit and the Clean Water Act moving forward. As evidenced by DOJ's review and approval, the Consent Decree is in accordance with public policy. The Court should enter the proposed Consent Decree and resolve this dispute because doing so will further the CWA's twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For the reasons stated above, Plaintiffs respectfully move the Court to enter the attached proposed Consent Decree by signing on page 13 and then e-filing the so-ordered Consent Decree. Defendants' counsel, Megan R. Brillault, Esq., consents to the request to enter the proposed Consent Decree.

                                                      Sincerely,

                                                      Douglas J. Chermak
                                                      Attorneys for Plaintiffs

Cc: All Counsel of Record (via ECF)